# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE COX, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-03115-SNLJ |
| | ) | |
| CITY OF FERGUSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Willie Cox, Jr. for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action for failure to state a claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pro se litigant who brings this action pursuant to 42 U.S.C. § 1983. (Docket No. 1 at 3). The sole defendant named in the complaint is the City of Ferguson, Missouri. (Docket No. 1 at 2). The complaint is handwritten on a Court-provided form. Attached to the complaint is a forty-three page attachment that includes purported legal definitions, citations to caselaw, a post from a website called "The Real Truth," and several pictures. (Docket No. 1-1).

The cause of action appears to arise out of a traffic stop, and is similar to other cases filed by plaintiff in the United States District Court for the Eastern District of Missouri.[1] The "Statement of Claim" section in the form complaint contains only the notation "See attached." Within the attachment, there is a document titled "Event," which appears to narrate the incident of which plaintiff complains. To better understand plaintiff's claim, this will be quoted in its entirety, without corrections to spelling or grammar:

> Parked on QT (Quick Trip) Gas Station Lot when Micheal Anello[2] pulled up behind me and waited for approximately ten (10) minutes, he then exited his vehicle and shined his light in my vehicle. I rolled down my window and Officer Micheal Anello said, "the reason I pulled you over," and I said, "pulled me over, how could you pull me over when I am parked?" I also informed him that this is private property and not a public street. He then mentioned that my lights were illegal. I informed him that they are not and asked him to issue the ticket. He asked for my drivers license and insurance. I gave him the drivers license, but did not give him insurance card. The accused went back to his vehicle and stayed for approximately ten (10) minutes and then another cohert (a black man) vehicle pulled up in front of me and the other cohert exited his vehicle and walked past my vehicle to Anello's vehicle and spoke with Anello while he sat in his vehicle. Then Anello exited his vehicle issued me the tickets and went to his vehicle and drove away.

(Docket No. 1-1 at 31-32). Other documents in the attachment present the assertion that plaintiff has a right not to be stopped in his vehicle unless he has committed a crime, which he defines as

---

[1] Since September 17, 2019, plaintiff has filed sixteen similar actions in this Court, including this one. *See Cox v. Lang*, 4:19-cv-02585-NAB (E.D. Mo. Sept. 17, 2019), *Cox v. Hulsey*, 4:19-cv-02586-JAR (E.D. Mo. Sept. 17, 2019), *Cox v. Hartman*, No. 4:19-cv-2587 (E.D. Mo. Sept. 17, 2019), *Cox v. Anello*, 4:19-cv-02588-AGF (E.D. Mo. Sept. 17, 2019), *Cox v. Walz*, 4:19-cv-02589-SRC (E.D. Mo. Sept. 17, 2019), *Cox v. Hulsey*, 4:19-cv-02592-SRC (E.D. Mo. Sept. 17, 2019), *Cox v. Morrow*, 4:19-cv-02593-JAR (E.D. Mo. Sept. 17, 2019), *Cox v. Grammer*, 4:19-cv-02662-PLC (E.D. Mo. Sept. 30, 2019), *Cox v. Crotzer*, 4:19-cv-02727-RLW (E.D. Mo. Oct. 7, 2019), *Cox v. Dewly*, 4:19-cv-02744-JAR (E.D. Mo. Oct. 9, 2019), *Cox v. Dodson*, 4:19-cv-02748-AGF (E.D. Mo. Oct. 9, 2019), *Cox v. Walker*, 4:19-cv-02764-RLW (E.D. Mo. Oct. 10, 2019), *Cox v. City of University City, Missouri*, 4:19-cv-02923-JCH (E.D. Mo. Oct. 28, 2019), *Cox v. Brentwood, Missouri, City of*, 4:19-cv-03067-PLC (E.D. Mo. Nov. 7, 2019), *Cox v. City of Clayton*, 4:19-cv-03091-RLW (E.D. Mo. Nov. 12, 2019); and *Cox v. City of Ferguson*, 4:19-cv-03115-SNLJ (E.D. Mo. Nov. 18, 2019).

[2] Plaintiff does not name Officer Anello as a defendant in this case. Indeed, the Court notes that plaintiff sued Officer Anello in a separate lawsuit based on the same facts. *See Cox v. Anello*, 4:19-cv-02588-AGF (E.D. Mo. Sept. 17, 2019).

"damage to person, damage to property…or witnessing a felony." (Docket No. 1-1 at 32-33). Indeed, plaintiff proposes that "traffic court is a fiction" and that "[p]olice officers must be amenable to you at all time." (Docket No. 1-1 at 40).

Plaintiff is seeking $1.5 million in general damages, $1.5 million in actual damages, and $1.5 million in punitive damages. (Docket No. 1 at 5).

**Discussion**

Plaintiff brings this pro se civil action pursuant to 42 U.S.C. § 1983, alleging that the City of Ferguson is liable for violating his constitutional rights during a traffic stop. For the reasons discussed below, the complaint must be dismissed because plaintiff has failed to state a municipal liability claim against Ferguson.

A local governing body such as Ferguson can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, the plaintiff must establish the municipality's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three avenues by which plaintiff can prove Ferguson's liability.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829

F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, plaintiff provides absolutely no factual allegations supporting the contention that an unconstitutional policy or custom exists. He also fails to present any facts that tend to show that his constitutional rights were violated by Ferguson's failure to train or supervise its employees. Instead, plaintiff narrates only a single traffic stop, with no indication that the stop resulted from actions attributable to Ferguson itself. Most of his complaint is devoted to the dubious proposition that he has a constitutional right to travel unencumbered by state or local traffic regulations. This is insufficient to state a municipal liability claim. Therefore, plaintiff's claim against Ferguson must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 5th day of December, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE